Monte L. ROGERS, Plaintiff–Appellant and Cross–Appellee,

v.

The BOARD OF TRUSTEES OF the TOWN OF FRASER and Town of Fraser, Defendants–Appellees and Cross–Appellants.

Nos. 91CA0793, 92CA0342.

Colorado Court of Appeals, Div. III.

April 8, 1993.

Rehearing Denied May 6, 1993.

Certiorari Denied Oct. 4, 1993.

Barry D. Roseman, Denver, for plaintiff-appellant and cross-appellee.

Hall & Evans, Cathy S. Harris, Thomas J. Lyons, Denver, for defendants-appellees and cross-appellants.

Opinion by Judge TAUBMAN.

Plaintiff, Monte L. Rogers, brought this action against defendants, Board of Trustees of the Town of Fraser and the Town of Fraser (Fraser), alleging that he had been improperly dismissed as a town employee in violation of his contractual rights and his federal constitutional rights pursuant to 42 U.S.C. § 1983. After protracted litigation, the district court ruled that improper procedures followed by defendants rendered plaintiff's dismissal null and void, but it declined to order his reinstatement with back pay. And, upon trial, a jury found in favor of plaintiff on his contract and due process claims, but awarded only nominal damages. The district court also awarded Rogers attorney fees. From these results, both parties appeal, and we affirm.

Rogers filed this case in September 1986, seeking relief based upon three claims—a claim for judicial review pursuant to C.R.C.P. 106(a)(4); his § 1983 due process claim; and a claim based upon an alleged breach of Fraser's personnel policies handbook.

In May 1987, the district court granted summary judgment on all three claims to Fraser; however, that judgment was reversed by this court. *See Rogers v. Board of Trustees*, (Colo.App. 87CA1048, April 6, 1989) (not selected for official publication). On remand, the district court ruled that the defendants had violated Rogers' rights under the Colorado Public Meetings Law, § 29-9-101, C.R.S. (1986 Repl.Vol. 12A), by voting to deny Rogers' grievance in a meeting closed to the public and from which Rogers was excluded. It also found that the actions of certain trustees of the defendant board were a "grave constitutional violation" and that the defendant board violated Rogers' appeal rights "by acting twice on the very issue being appealed."

Although the district court found that the Fraser board's termination of Rogers was null and void as a violation of the Colorado Public Meetings Law, it declined to order that Rogers be reinstated or that he be provided with back pay. Instead, it ordered the defendants to establish appropriate administrative review procedures to

assure Rogers an opportunity for a fair administrative hearing comporting with the requirements of due process.

Pursuant to this order, the defendants established a new appeal procedure, with an appeals panel consisting of the town managers of three nearby towns. Rogers received a hearing under these new procedures, and the new administrative appeals panel found that he had been terminated with good cause.

Meanwhile, in January 1991, the district court held a jury trial on Rogers' contract and due process claims. The jury found that Fraser had not given Rogers a hearing before a neutral and impartial hearing body after he had been discharged, but that it had established good cause to terminate his employment. The jury also found that there existed an employment contract between Rogers and Fraser, under the terms of which Rogers could only be terminated for cause. Based upon these findings, the jurors awarded nominal damages of $1.00 to Rogers on his contract claim and $1.00 on his due process claim.

The issues before us in this proceeding are: (1) whether, as to the § 1983 claim, the district court erred in failing to instruct the jury that it was required to find that the defendant board members acted with deliberate indifference; (2) whether the district court properly awarded $29,518.50 in attorney fees to Rogers as the prevailing party on his § 1983 claim; (3) whether the district court erred in not ordering Rogers' reinstatement with back pay; (4) whether the district court erred in admitting into evidence the resolution adopted by the Fraser board denying Rogers' grievance; (5) whether the district court erred in not setting aside the jury's verdict of nominal damages for the contract claim; and (6) whether the district court was correct in ordering the defendants to reconstitute their administrative review process.

## I. § 1983 CLAIM

■ Rogers alleged that his civil rights were violated by Fraser's terminating him without an opportunity for a hearing before a neutral, impartial hearing officer or board. Indeed, he alleged, and the district court found, that the defendant board members participated in the initial termination decision and later sat as an appeals board during his administrative appeal. Fraser, however, maintains that the district court erred in not instructing the jury that it was required to find "deliberate indifference" by the defendants before it could find a violation of § 1983. We disagree with Fraser.

■ In § 1983 cases, a municipality cannot be held liable under the theory of *respondeat superior*. Rather, a municipality can be held liable only for violation of a policy, custom, ordinance, regulation, or decision officially adopted and promulgated by the municipality's officers. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In the absence of *respondeat superior* liability, the Supreme Court applied a standard of "deliberate indifference" in *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), holding that a municipality may be liable under § 1983 if it had a policy or custom of failing to train its employees, if that failure to train caused the constitutional violation, and if the failure to train amounted to "deliberate indifference" to the rights of persons with whom that employee came into contact. The Supreme Court has also ruled, in *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), that negligence cannot form the basis of a money damages liability claim under § 1983. However, taken together, these cases do not stand for the proposition advanced by the defendants that "deliberate indifference" must be shown in all cases to establish liability under § 1983. Rather, in *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), the Supreme Court made clear that a municipality could be held liable under § 1983 for a single decision by its final decision-making authority

on the ground that such decision "unquestionably constitutes an act of official government policy." *Pembaur v. City of Cincinnati*, 475 U.S. at 480, 106 S.Ct. at 1298, 89 L.Ed.2d at 463. The *Pembaur* Court held that a municipality could be liable under § 1983 if "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. at 483, 106 S.Ct. at 1300, 89 L.Ed.2d at 465.

■ Accordingly, the "deliberate indifference" standard for establishing a violation of § 1983 is to be applied only to claims against the governmental entity for the actions or inactions of non-policymakers, in which the entity's liability is grounded upon the policy-makers' prior failure to train, to instruct, or otherwise to correct those actions or inactions. *See* Schwartz & Kirklin, *Section 1983 Litigation: Claims, Defenses and Fees* § 7.10 (2d Ed.1991). Here, the "deliberate indifference" standard does not apply to the deliberative actions of those with final decision-making authority because the conduct of subordinates is not involved.

Hence, the trial court here did not err in refusing to instruct the jury upon this standard as requested by Fraser. Accordingly, we affirm with respect to the finding of liability under § 1983.

## II. THE CLAIM FOR ATTORNEY FEES

■ Fraser contends that Rogers is not entitled to an award of attorney fees because he received only nominal damages on his constitutional claim and because the district court erred in not applying the "deliberate indifference" standard. We disagree.

■ Pursuant to 42 U.S.C. § 1988, a prevailing party is entitled to an award of attorney fees if he or she succeeds "on any significant issue in litigation which achieves some of the benefit" the party sought in bringing the lawsuit. *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983); *Oten v. Colorado Board of Social Services*, 738 P.2d 37 (Colo.App.1987). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 792–93, 109 S.Ct. 1486, 1494, 103 L.Ed.2d 866, 878 (1989). Moreover, a plaintiff who wins nominal damages is a prevailing party under § 1988. *Farrar v. Hobby*, —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1993).

■ In *Farrar, supra,* the Supreme Court held that a plaintiff who receives only nominal damages often may not be entitled to any award of attorney fees. However, as Justice O'Connor's concurring opinion makes clear, the decision whether to award fees should be based upon three factors: (1) the difference between the amount recovered and the damages sought, (2) the significance of the legal issue on which plaintiff prevailed, and (3) accomplishing some public goal. *Farrar, supra,* —— U.S. at —— – ——, 113 S.Ct. at 578–79, 121 L.Ed.2d at 509–10. Here, although Rogers obtained only nominal damages, he met the second and third criteria for an award of attorney fees.

As the district court found, Rogers obtained "a clear and unambiguous vindication" of his § 1983 claim even though he was awarded only nominal damages. The district court also properly found that the defendants' new administrative appeal procedures would apply to other Fraser employees and would serve "as a model to other municipalities in Grand County and other counties throughout Colorado." Under these circumstances, we find that Rogers is a "prevailing party" under § 1983 and is entitled to an award of attorney fees. He has achieved more than a "mere judicial declaration that one of [his] legal assertions is correct." *See Overland Development Co. v. Marston Slopes Development Co.,* 773 P.2d 1112, 1115 (Colo.App. 1989).

Fraser maintains that Rogers is not entitled to an award of attorney fees unless he obtains a verdict from a jury properly instructed with regard to a standard of "deliberate indifference." Since we have already rejected that argument, we conclude that the district court properly awarded Rogers attorney fees.

### III. THE PUBLIC MEETINGS LAW CLAIM

■ Rogers contends that, while the district court properly found that his rights under the Colorado Public Meetings Law were violated, it erred as a matter of law in not ordering his reinstatement with back pay. We disagree.

The district court ruled that the defendant board violated the Public Meetings Law on two separate occasions, and in accordance with § 29-9-101(2), C.R.S. (1986 Repl.Vol. 12A), it ruled that such actions were null and void. As a result, Rogers contends that the only proper remedy for the district court was to order his reinstatement and award him back pay. We conclude, however, that while reinstatement might have been an available remedy, it was not the only appropriate relief available to the district court.

The district court recognized that if it had reinstated Rogers, it would have done so without ever having resolved the merits of his termination. On the other hand, the court recognized that if it merely sustained the defendant board's action, it would deprive Rogers of his fundamental due process right and "confirm a violation of the Public Meeting Law."

Cognizant of these alternatives, the district court ordered the defendant board to "adopt appropriate procedures to assure the plaintiff appellate rights sufficient to meet due process requirements under federal and state law." This procedure was adopted by the defendants, and Rogers was afforded an opportunity for an impartial administrative hearing, at which it was found he was terminated for good cause. Since if Rogers had successfully pursued this administrative procedure, he would

have been entitled to reinstatement and back pay, we conclude that the court chose an appropriate course of action.

Also, the trial court afforded Rogers a jury trial on his constitutional and § 1983 claims, thereby allowing him an opportunity to obtain damages for his wrongful termination in violation of his due process rights.

■ In this case, the appropriate remedy should have been to have placed Rogers in the same situation he would have occupied if his due process right to an impartial termination hearing had not been violated. *See Department of Health v. Donahue,* 690 P.2d 243 (Colo.1984).

Here, the district court sought to do just that, by directing Fraser to establish new administrative appellate review procedures for Rogers. Despite certain objections to those procedures, Rogers availed himself of them, but was found to have been terminated with cause. He chose not to appeal that administrative decision. Either through the new administrative procedures or through the jury trial on his contract and due process claims, Rogers had an opportunity to be reinstated (at the administrative hearing), and to be awarded back pay and any other damages to which he might have been entitled.

Under these circumstances, we cannot say that the trial court abused its discretion in determining the appropriate remedy for Rogers after finding that his rights under the Public Meeting Law had been violated. *See Staton v. Mayes,* 552 F.2d 908, 916 n. 13 (10th Cir.1977).

### IV. THE ADMISSABILITY OF THE BOARD RESOLUTION

■ Rogers asserts that the district court erroneously admitted into evidence the resolution adopted by the defendant board on August 6, 1986, formally affirming its earlier decision to terminate Rogers' employment. Rogers contends that this document is filled with inadmissible hearsay statements, contains no relevant evidence, and that its prejudicial value out-

weighs its probative impact on Rogers. We perceive no error.

As Rogers acknowledges, one of the major factual disputes in this case was whether Fraser had just cause to terminate his employment. Indeed, the jury ruled in favor of Rogers on his contract claim, finding that he had an enforceable contract based upon Fraser's personnel policies handbook and that that contract provided that Rogers could be terminated only for cause. Rogers, however, maintains that the document at issue impermissibly prejudiced the jury which served as a *de novo* fact finder on the contract issue. He argues that its admission created an undue risk that the jurors would simply rely upon the reasoning contained in this document in determining whether or not Fraser had good cause for terminating Rogers.

However, Rogers' own argument militates against this position. He contends that this exhibit was "cumulative of the extensive testimony presented by appellants on this issue." To the extent it was cumulative, we cannot say that it was an abuse of discretion for the district court to allow the jury to review this exhibit. *See Palmer v. A.H. Robins Co.*, 684 P.2d 187 (Colo.1984).

Furthermore, the document was admissible and was relevant to Rogers' claim of wrongful discharge because it set forth the reasons for that discharge, a point recognized by the trial court. Significantly, the jury instructions included the directive that the jury consider the existence of "good cause" for Rogers' termination. Indeed, the jury instruction stated in part: "If you find in favor of the plaintiff on his claim of deprivation of property without due process of law but find that the defendant had good cause for its decision to dismiss him, you nevertheless shall award him nominal damages in the sum of $1.00." Thus, it was appropriate for the jury to consider whether or not there was good cause to terminate Rogers. It was also appropriate for the jury to consider the formal resolution of dismissal relied upon by the Fraser board in terminating Rogers. We cannot say that the challenged document impermissibly influenced the jury in making this determination, especially given that the participants who created it were present and available for cross-examination at trial by plaintiff. Thus, we find that the trial court acted properly in admitting the Board Resolution.

## V. NOMINAL DAMAGES ON THE CONTRACT ISSUE

Rogers argues that the jury award of nominal damages on the contract claim should be set aside. We disagree.

We note that Rogers sought compensatory damages of back pay and punitive damages. He chose not to seek damages for emotional distress, although he could have done so on both his contract and due process claims. The jury found Rogers was not entitled to punitive damages and he decided not to appeal on this issue.

■ "The amount of damages to which an injured party is entitled is a matter within the sole province of the jury." And, if there is a theory of the case consistent with the jury award, this court will not disturb that award. *Roberts v. C & M Ready Mix Concrete Co.*, 767 P.2d 769, 771 (Colo.App.1988).

■ Here, Rogers states that the jury apparently based its decision to award him only nominal damages upon its finding that Fraser had good cause to terminate his employment. He argues that since the jury found that Fraser had discharged him in violation of the procedural provisions of its personnel policies handbook the issue of good cause was irrelevant to his claim for damages.

Fraser responds that the jury was properly instructed that it could award nominal damages and exercised its discretion in so doing. Fraser further points out that the jury was presented with facts which supported its conclusion to award only nominal damages, including that Rogers drank alcohol to excess, lacked a driver's license during certain periods following his termination, and that he failed to pursue other employment. Based upon this evidence,

the jury could properly have concluded that Rogers was entitled only to nominal damages. Moreover, based upon Rogers' conduct, Fraser, had it used proper procedures, could have terminated Rogers immediately and then held a post-termination hearing. Had Rogers' termination been upheld at such hearing, he would not have been entitled to back pay. Thus, we cannot set aside the jury's verdict.

 Rogers also contends that the jury was misled by a series of complicated jury instructions regarding damages. However, this claim is based upon pure conjecture. In addition, this claim was rejected by the district court in ruling on a post-trial motion. As the district court observed, "contrary to the plaintiff's claim, the five minutes it took [the jury] to answer the special interrogatories after the initial verdict simply shows [the jury] knew exactly what [its] positions were; namely there was both a breach of contract and a violation of due process but only nominal damages." Accordingly, we find there is no basis to set aside the award of nominal damages on the contract claim.

## VI. APPROPRIATE RELIEF UNDER C.R.C.P. 106(a)(4)

Fraser contends that the district court acted appropriately in remanding this case for further proceedings at the administrative level and directing it to establish an impartial administrative review panel. Rogers, on the other hand, contends that the district court had proper jurisdiction under C.R.C.P. 106(a)(4) to reinstate him and award him back benefits. We find it unnecessary to decide this issue in light of our ruling above that the trial court acted within its discretion in providing as a remedy for the violation of the Public Meetings Law claim a new administrative hearing and affording Rogers a trial with an opportunity to obtain damages on his contract and § 1983 claims.

 As the district court properly found, relief under both § 1983 and C.R.C.P. 106 is compatible in the same case. *See Sclavenitis v. Cherry Hills*

*Board of Adjustment & Appeals*, 751 P.2d 661 (Colo.App.1988).

Plaintiff is not entitled to additional attorney fees for this appeal because of his earlier rejection of Fraser's offers of judgment. *See Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

Judgment affirmed.

CRISWELL and NEY, JJ., concur.