E. Jene LANGSETH, Plaintiff–Appellee,

v.

The COUNTY OF ELBERT, the employer; the Board of County Commissioners of Elbert County; and David Wright, individually; Bob Hall, individually; and Frank Starkey, individually, Defendants–Appellants.

No. 95CA0295.

Colorado Court of Appeals, Div. II.

March 7, 1996.

Karen V. Hendrick, Denver, for Plaintiff–Appellee.

Law Offices of Lawrence A. Wright, Jr., Lawrence A. Wright, Jr., Myka M. Landry, Joel C. Johnson, Kiowa, for Defendants–Appellants.

Opinion by Judge CRISWELL.

Defendants, Elbert County, the Board of County Commissioners of Elbert County, David Wright, Bob Hall, and Frank Starkey, appeal from trial court orders denying their request for attorney fees and awarding attorney fees to plaintiff, E. Jene Langseth. We affirm in part, reverse in part, and remand with directions.

Plaintiff commenced an action against defendants based upon her discharge from employment as County Nurse for Elbert County. The thrust of plaintiff's action was that she was discharged based upon improper grounds, including her sexual orientation, age, race, sex, and handicapped status, and through use of improper or insufficient procedures. In her second amended complaint, plaintiff asserted a variety of claims including discrimination under 42 U.S.C. 1981 (1988) and 42 U.S.C. 2000(a)–(e) (1988), due process violations under 42 U.S.C. 1983 (1988), breach of contract, tortious interference with contract, denial of due process and equal protection. Plaintiff also asserted a claim pursuant to § 24–34–402.5, C.R.S. (1995 Cum.Supp.) which provides, with some exceptions, that it is a discriminatory or unfair employment practice for an employer to terminate an employee for engaging in any lawful activity off the employer's premises during non-working hours.

At trial, plaintiff elected not to proceed on the claims that she was discharged based

upon her sex, race, age, or handicapped status. As a result, at the close of plaintiff's case-in-chief, the trial court directed verdicts as to those four claims.

Of the remaining six claims that were submitted to the jury, asserting breach of contract, retaliation, promissory estoppel, denial of due process and equal protection, and extreme and outrageous conduct, plaintiff was successful only on her claim under 42 U.S.C 1983 that defendants had violated her due process rights by terminating her without adequate notice and an opportunity to be heard. On that claim, the jury awarded plaintiff $26,950 in damages.

Thereafter, plaintiff sought an award of attorney fees as a "prevailing party" under 42 U.S.C. 1988 (1988). Defendants also requested an award of attorney fees as to the four claims dismissed by the directed verdict, i.e., the claims alleging discrimination based on age, sex, race, and handicapped status. As to such claims, defendants asserted that they were the prevailing party and that the claims lacked substantial justification pursuant to § 13–17–102, C.R.S. (1987 Repl.Vol. 6A). Defendants also requested attorney fees as the prevailing party on plaintiff's claims under § 24–34–402.5.

After a hearing, the trial court concluded that plaintiff was the prevailing party on her civil rights claims and entitled to attorney fees. However, based upon her limited success, the trial court reduced plaintiff's fee award to one-half of the amount requested by her.

In a separate order, the trial court declined to award defendants any attorney fees based upon its prior determination that plaintiff was the prevailing party and that plaintiff's unsuccessful claims were not groundless or frivolous. The trial court also declined to award defendants attorney fees pursuant to § 24–34–402.5(2) based upon its previous determination that defendants did not prevail in the action.

## I.

■ Defendants first contend that the trial court erred in concluding that plaintiff was a prevailing party on her civil rights claims and in awarding her attorney fees on that basis. We disagree.

42 U.S.C. 1988 authorizes an award of attorney fees to the prevailing party in an action under 42 U.S.C. 1983. Hence, a plaintiff's entitlement to such a fee is governed by federal law.

■ As a plaintiff, in order to be considered a prevailing party under § 1988, all that is required is success on a significant issue presented by the litigation and achievement of some of the benefits sought in the lawsuit. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Rogers v. Board of Trustees*, 859 P.2d 284 (Colo.App.1993).

■ So long as there is a material alteration of the legal relationship between the parties, the degree of plaintiff's overall success affects only the reasonableness of the amount of the award and not the right to an award in some amount. *Texas Teachers Ass'n. v. Garland Independent School District*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

Here, despite plaintiff's lack of success on her other claims, the jury's determination that plaintiff's due process rights were violated and its resulting award of $26,950 amounted to success on a significant issue in the litigation and materially altered the legal relationship between the parties. We conclude, therefore, that the trial court properly determined that plaintiff was a prevailing party entitled to an attorney fee award under 42 U.S.C. 1988.

## II.

■ Defendants next contend that, even if plaintiff was a prevailing party under § 1988 and entitled to an award of attorney fees, the award of one-half of her fees was excessive. We find no abuse of discretion in the trial court's award.

In *Hensley v. Eckerhart, supra,* the Supreme Court rejected a mathematical approach to allocating fees based upon a comparison of the total number of issues in a case with those upon which a plaintiff actually prevailed. Instead, the court held that, in cases in which the plaintiff did not succeed

on all claims asserted, the trial court may reduce fees incurred on claims upon which plaintiff was not successful, provided those claims were "distinctly different" or "unrelated" to the claim or claims which were successful. It was stressed that, in making this equitable apportionment of fees, the trial court is vested with considerable discretion.

Here, the trial court found that "fully fifty percent of plaintiff's efforts were directed toward issues on which plaintiff had no success and which did not involve a common core of facts with the claim on which plaintiff actually prevailed."

Based upon the record before us and the trial court's advantage of having observed the parties' presentations, we conclude that that court did not abuse its discretion in awarding plaintiff fifty percent of her fees.

### III.

■ Defendants next contend that the trial court erred in declining to award them fees as prevailing parties on plaintiff's civil rights claims or pursuant to § 13–17–102. Again, we disagree.

■ A prevailing defendant may recover attorney fees under 42 U.S.C. 1988 only if the plaintiff's action, or a claim in the action, was frivolous, unreasonable, or without foundation. *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

■ Similarly, a litigant may recover attorney fees pursuant to § 13–17–102 only if the trial court determines that the action, or any part thereof, lacked substantial justification, *i.e.,* was substantially groundless, substantially frivolous, or substantially vexatious. Sections 13–17–102(2) and 13–17–102(4), C.R.S. (1987 Repl.Vol. 6A).

Hence, the test for an award of fees to defendants here, either under § 1988 or under § 13–17–102, is essentially the same. In either case, fees are awardable only if plaintiff's claims can be characterized as substantially frivolous, groundless, or vexatious. *See Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984).

In its order denying defendants' request for attorney fees, the trial court specifically determined that plaintiff's claim that she was terminated based upon her sexual orientation was "not frivolous or groundless." The trial court also determined that none of the four claims it had dismissed by directed verdict at the close of plaintiff's case-in-chief were groundless or frivolous.

■ There can be no assertion that a claim of discrimination in public employment, based upon sex, age, or handicapped status, would not support an action under § 1983; such a claim would not be "frivolous" under *Western United Realty.* Further, a trial court's determination whether a claim is groundless is discretionary and will not be disturbed on appeal if the ruling is supported by the evidence. *Haney v. City Court,* 779 P.2d 1312 (Colo.1989).

Here, however, the record does not contain a transcript of any portion of the trial proceedings or of the hearing on attorney fees. Thus, we are unable to ascertain the basis upon which the trial court determined that each of plaintiff's unsuccessful claims was not groundless. We must, therefore, presume that the trial court's determinations were correct. *See Alessi v. Hogue,* 689 P.2d 649 (Colo.App.1984).

### IV.

■ Defendants next contend that the trial court erred in declining to award them attorney fees as the prevailing party on plaintiff's § 24–34–402.5 claim. With this contention, we agree.

Section 24–34–402.5(2), C.R.S. (1995 Cum. Supp.) provides as follows:

(a) Notwithstanding any other provisions of this article, the sole remedy for any person claiming to be aggrieved by a discriminatory or unfair employment practice as defined in this section … [is to] … bring a civil suit for damages …. (b) The court *shall* award the prevailing party in such action court costs and a reasonable attorney fee. (emphasis added)

To be considered a "prevailing party" for purposes of an award of attorney fees pursuant to a statute such as § 24–34–402.5(2), the fee applicant need only have succeeded upon

a significant issue presented by the litigation and achieved some of the benefits sought in the lawsuit. *Borquez v. Robert C. Ozer, P.C.,* —— P.2d —— (Colo.App. No. 93CA1805, Nov. 9, 1995); *see In re Marriage of Watters,* 782 P.2d 1220 (Colo.App.1989) (fees sought pursuant to § 14–14–107(9)(e), C.R.S. (1995 Cum.Supp.)).

Here, defendants prevailed with respect to plaintiff's claim of discriminatory employment practices under § 24–34–402.5; she prevailed only with respect to the procedural deficiencies that accompanied her termination. And, the trial court denied defendants' request for fees under § 24–34–402.5(2) based solely upon its prior conclusion that plaintiff was the prevailing party and that there could be only one prevailing party in any action.

However, we conclude that, under circumstances such as these in which there are separate and distinctly different claims, as well as separate fee statutes covering such claims, there is no reason why both parties cannot be considered to have prevailed based upon the success achieved on the different claims. *See Hensley v. Eckerhart, supra; see also Porter v. Castle Rock Ford Lincoln Mercury, Inc.,* 895 P.2d 1146 (Colo.App.1995) (plaintiff who succeeded on claim under wage statute but who also suffered adverse "net" judgment, based upon counterclaim by employer was nevertheless "winning party" on wage statute claim); *McKinley v. Drozd,* 685 S.W.2d 7 (Tex.1985) (despite net judgment in favor of opponent, party who succeeded on statutory claim was prevailing party as to that claim and entitled to attorney fees); *see also* 2 M. Schwartz & J. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees* 26.3 (2d Ed.1991) (noting possibility that both a plaintiff and a defendant can be prevailing parties for purposes of fee recoveries under § 1988).

Here, the facts and legal theories required for plaintiff to prove that she failed to receive proper notice or an adequate hearing are separate and distinct from the facts and legal theories associated with her employment discrimination claim under § 24–34–402.5. Indeed, the trial court found that: "Plaintiff's due process claim did not require the same proof necessary to prevail on the sexual preference claim." These two types of claims were, therefore, sufficiently distinct to allow a finding that there was a different prevailing party as to each. Accordingly, we conclude that the trial court erred in denying defendants' request for attorney fees pursuant to § 24–34–402.5(2) and that the cause must be remanded for a determination of a reasonable fee with respect to that claim.

The portion of the judgment denying an award of attorney fees to defendants under § 24–34–402.5(2) is reversed, and the cause is remanded for the determination of a reasonable attorney fee award for the defense of that claim. The judgment is affirmed in all other respects.

HUME and JONES, JJ., concur.