F I L E D
United States Court of Appeals
Tenth Circuit

AUG 17 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, a voluntary association incorporated under the laws of the State of New York; COLORADO SPRINGS BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, a constituent and subordinate unit of the National Association for the Advancement of Colored People, | No. 97-1217 (D.C. No. 96-WY-2268-WD) (D. Colo.) |

Plaintiffs-Appellees,

v.

JAMES TUCKER, an individual,

Defendant-Appellant.

**ORDER AND JUDGMENT***

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant James Tucker appeals from the district court's order of summary judgment dismissing his second counterclaim against the National Association for the Advancement of Colored People (NAACP). In his second counterclaim, appellant charged that NAACP wrongfully expelled him from membership, thus violating his contract rights and his "common law right to natural justice and due process." Appellant's App., Vol. I at 60.

Appellant is a former life member and president of the Colorado Springs, Colorado Branch of the NAACP. The NAACP is a nonprofit membership corporation, organized under the laws of the State of New York. See id. at 1, 57. It operates through chartered branch affiliates, such as the Colorado Springs Branch, which are independent unincorporated associations. See id. at 128-29; see generally NAACP v. State of Alabama ex rel. Patterson, 357 U.S. 449, 451-52 (1958) (explaining NAACP corporate structure). The NAACP provides a pattern form of constitution and bylaws for its affiliates, referred to as the "Branch Constitution."

Article X of the Branch Constitution provides a procedure by which NAACP members may bring a complaint against a member or officer of the NAACP with the national NAACP Board of Directors. The Board of Directors has the authority to act on such a complaint by suspending, expelling or taking other disciplinary action against the member or officer. In August and September 1995, members of the Colorado Springs Branch filed two such complaints against appellant, charging him with misconduct as branch president.

Appellant filed an answer to each of the complaints. In his answers, he did not request a hearing. Upon review of the complaints and appellant's responses, on October 21, 1995, the NAACP's national board ordered appellant suspended from his position as president of the Colorado Springs Branch.

On November 6, 1995, appellant for the first time formally requested a hearing on the allegations contained in the complaints. On April 19, 1996, the NAACP notified appellant that a hearing would be held on May 3, 1996, in Colorado Springs. Appellant announced through his attorney that he would not attend the meeting on such short notice. He also announced publicly that he was reclaiming his presidency of the Colorado Springs Branch, and that he would hold an NAACP meeting on May 11, 1996.

On May 3, the NAACP held the scheduled hearing. Appellant did not appear. At the hearing, new charges were made against appellant relating to his

continued assertions that he was president of the Colorado Springs Branch, and his continued practice of holding meetings as its president. The special hearing panel which held the hearing recommended not only that appellant's suspension as president be upheld, but also that his life membership in the NAACP be revoked based on the new allegations. The national NAACP's Board of Directors adopted the recommendation, and revoked appellant's life membership in the NAACP.

The national NAACP and the Colorado Springs Branch thereafter sued appellant to prevent him from continuing to use the name "NAACP" and the NAACP logo, and from continuing to hold himself out as president of the Colorado Springs Branch. Appellant countersued, claiming that he was wrongfully removed from the presidency and that his membership was terminated without due process and in violation of the Branch Constitution. The district court granted summary judgment for the NAACP on all claims. Only appellant's counterclaim relating to his expulsion from the NAACP is at issue in this appeal.

> We review summary judgment rulings de novo, applying the same standard as the district court. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When a moving party makes a properly supported summary judgment motion, the nonmoving party has the burden of showing a genuine issue for trial, by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.

Pietrowski v. Town of Dibble, 134 F.3d 1006, 1008 (10th Cir. 1998) (quotations omitted).

In its decision on appellant's motion for summary judgment, the district court found that the NAACP was entitled to summary judgment, because it had terminated appellant's membership for a proper reason:

> Mr. Tucker's continued defiance [to] the board's decision and his attempt to [reclaim] the president's office provide sufficient basis to terminate his membership . . . . It is beyond dispute that Mr. Tucker's attempts to reclaim the president's office, after he was properly suspended, threatened the very existence of the Colorado [Springs] branch of the NAACP.

Appellant's App., Vol. II at 343.

Appellant does not challenge this finding, other than to state that it is irrelevant to his procedural claims. See Appellant's Br. at 17. Appellant's failure to contest the district court's summary judgment finding has important consequences, however. By failing to contest this finding, he is deemed to have conceded that there were proper grounds for his expulsion. Cf. Strickland Tower Maintenance, Inc. v. AT&T Communications, Inc., 128 F.3d 1422, 1426 (10th Cir. 1997) (holding choice of law issue was waived where neither party challenged district court's finding on appeal). Given this concession, we must determine whether he is entitled to any relief.

In his complaint, appellant sought: (1) reinstatement as a life member of the NAACP; (2) a declaratory judgment concerning his eligibility to run for local

-5-

or national office in the NAACP; and (3) damages in an amount to be determined at trial. Appellant fails to show his entitlement to any of these forms of relief. He is not entitled to reinstatement, because he cannot show that he would have been retained as a member if the NAACP had observed the proper procedures. Cf. McGhee v. Draper, 639 F.2d 639, 646 (10th Cir. 1981) (stating, in 42 U.S.C. § 1983 case involving deprivation of hearing, that "[i]f the plaintiff can prove that she would in fact have been retained had full procedural due process been provided, she may be reinstated.").

As appellant is not entitled to reinstatement, he cannot run for office in the NAACP, and is not entitled to a declaratory judgment to that effect. He also is not entitled to compensatory damages for termination of his membership. Cf. Carey v. Piphus, 435 U.S. 247, 260 (1978) (stating petitioners who claimed they were suspended from school without procedural due process, would not be entitled to compensatory damages unless they could show that they would not have been suspended if a proper hearing were held).[1] As it is impossible to grant

---

[1] Carey held that a plaintiff deprived of due process would at least be entitled to nominal damages, and to compensation for any mental and emotional distress which he could prove was suffered as the result of the deprivation. See Carey, 435 U.S. at 264, 266; cf. also Rogers v. Board of Trustees, 859 P.2d 284, 290 (Colo. Ct. App. 1993) (upholding jury's award of nominal damages on contract claim brought by employee alleging that he was terminated in violation of procedural provisions of personnel policies handbook, where good cause existed for termination of employment). Assuming such a right carries over to the

(continued...)

appellant any of the relief requested in his complaint, this appeal is dismissed as moot.  See Johnson v. Board of County Comm'rs, 85 F.3d 489, 492 (10th Cir.), cert. denied, 117 S. Ct. 611 (1996).

The appeal is DISMISSED as moot.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1](...continued)
associational context, which is based on contractual rather than constitutional principles, appellant is not entitled even to nominal damages.  As we read his complaint, it seeks damages for the loss of his membership in the NAACP, not for deprivation of his procedural rights.  No damages can be awarded for the loss of membership, which was justified.