**CHERRY CREEK AVIATION, INC., a Colorado corporation d/b/a Mountain Air Express, Plaintiff–Appellant,**

v.

**CITY OF STEAMBOAT SPRINGS, Steamboat Springs Airport Authority, Anthony Lettunich, Kevin Bennett, Mary T. Brown, Paula Cooper Black, William B. Martin, Carol Booth Fox, John O. Ross, and Richard Tremaine, Defendants–Appellees.**

No. 97CA0857.

Colorado Court of Appeals, Div. V.

Nov. 27, 1998.

Linda M. Cote, Denver, Colorado, for Plaintiff–Appellant

Hall & Evans, L.L.C., David R. Brougham, Denver, Colorado, for Defendants–Appellees

Opinion by Judge MARQUEZ.

Plaintiff, Cherry Creek Aviation, Inc., d/b/a Mountain Air Express (Cherry Creek), appeals the trial court order awarding attorney fees to the defendants, City of Steamboat Springs (City), Steamboat Springs Airport Authority, Anthony Lettunich, Deven Bennett, Mary T. Brown, Paula Cooper Black, William B. Martin, Carol Booth Fox, John O. Ross, and Richard Tremain. We vacate the order.

In 1993, the City and Cherry Creek entered into an agreement by which the City was to lease real property to Cherry Creek to provide fixed base operations for the airport. The agreement, however, was not adopted by the City Council by ordinance, and in 1994, the Council declared the lease invalid.

Cherry Creek then filed this action asserting claims for breach of contract, equitable relief, and claims under 42 U.S.C. §1983 (1994) and for punitive damages, attorney fees, and costs. The trial court granted summary judgment in favor of defendants declaring that the agreement was void and dismissing Cherry Creek's complaint. The trial court's judgment was affirmed on appeal. *Cherry Creek Aviation, Inc. v. City of Steamboat Springs*, 958 P.2d 515 (Colo.App. 1998).

After the trial court dismissed Cherry Creek's claims, defendants requested an award of attorney fees under §13–17–101, C.R.S.1998, and 42 U.S.C. §1988 (1994). The trial court denied the request under these provisions, but granted the fees pursuant to §24–10–110(5)(c), C.R.S.1998, against Cherry Creek.

In a February 1997 written order, the court found that, based on the plain language of §24–10–110(5)(c), the pleadings, and the summary judgment issued by another judge, Cherry Creek had filed actions against the individual defendants, who were public employees, claiming exemplary damages based on allegations that their actions were willful and wanton. The court further found that Cherry Creek did not substantially prevail on its claims that such conduct was willful and wanton. In its subsequent minute order, the trial court concluded that the "plaintiff's claims related to state claims and standards," and that §24–10–110(5)(c) applied and attor-

ney fees must be granted. This appeal followed.

Cherry Creek contends that, because its request for punitive damages was pursuant to a federal civil rights claim, the trial court erred in granting attorney fees pursuant to §24–10–110(5)(c). We agree.

Section 24–10–110(5)(c) provides:

> In any action against a public employee in which exemplary damages are sought based on allegations that an act or omission of a public employee was willful and wanton, if the plaintiff does not substantially prevail on his claim that such act or omission was willful and wanton, the court shall award attorney fees against the plaintiff or the plaintiff's attorney or both in favor of the public employee.

Generally, the "American Rule" precludes the award of attorney fees to the prevailing litigant, absent a specific contractual, statutory, or procedural rule providing otherwise. *City of Wheat Ridge v. Cerveny*, 913 P.2d 1110 (Colo.1996).

In any action or proceeding to enforce a provision of 42 U.S.C. §1983, "the court in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b) (1994). A prevailing defendant, however, may recover attorney fees under 42 U.S.C. §1988 only if the plaintiff's action, or a claim in the action, was frivolous, unreasonable, or without foundation. *Langseth v. County of Elbert*, 916 P.2d 655 (Colo.App.1996).

Here, the trial court ruled that Cherry Creek's claims related to state claims and standards. However, the "willful and wanton" language to which the trial court referred appears in Cherry Creek's §1983 claim.

As pertinent here, a paragraph of the general allegations alleged:

> 20. The individual Council Members and the City Attorney, acting both individually and in concert, have acted arbitrarily, wantonly and willfully to deprive Plaintiff of its rights, in violation of 42 U.S.C.A. §1983.

In the fourth claim of its second amended complaint, which is labeled "(Violation of 42 U.S.C.A. §1983)," Cherry Creek alleged that:

> 43. The City, the Council Members and City Attorney have individually and collectively represented and declared that operations at the FBO [fixed base operator] are 'unsafe,' which representations are untrue, thus defaming Plaintiff and damaging Plaintiff's reputation and business thereby.
>
> 44. The Council Members, the City Attorney and the City have acted both individually, and collectively in conspiracy, to deprive Plaintiff of its rights of due process, pursuing their/its own interests over and above the legal rights of Plaintiff, contrary to 42 U.S.C.A. §1983.

The fifth claim for relief entitled "(Punitive Damages and Attorney Fees and Costs)" alleged that:

> 46. The City Attorney and Council Members have acted wantonly and willfully in declaring Plaintiff's FBO operations 'unsafe' and its Contract with the City 'null and void,' thus subjecting these Defendants to punitive damages.
>
> 47. In an attempt to enforce its rights pursuant to its contract with the city, and preserve and protects (sic) its reputation, plaintiff has or will incur considerable attorney's fees, expert fees and costs. Pursuant to 42 U.S.C. § 1988, plaintiff is entitled to recover all fees and costs from the city, the city attorney and the council members.

These allegations demonstrate that the willful and wanton assertions were brought under 42 U.S.C. §1983 and 42 U.S.C. §1988. Accordingly, if Cherry Creek had asserted a proper claim under §1983, the standards pertinent to that section would govern.

Even if the General Assembly's intent were to allow attorney fees pursuant to §24–10–110(5)(c) or §24–10–119, C.R.S.1998, under a claim based on federal law, federal law must govern. *See Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); *Shadis v. Beal*, 685 F.2d 824 (3d Cir.1982); *Board of County Commissioners v. Sundheim*, 926 P.2d 545 (Colo.1996)(noting that United States Supreme Court has held that

when a state places procedural barriers that deny or limit the remedy available under §1983, those barriers must give way or risk being preempted).

In *Goodwin v. Debekker*, 807 F.Supp. 101 (D.Colo.1992), plaintiff asserted a claim under 42 U.S.C. §1983 and claims under various state laws. Upon reversal of a judgment against him, defendant sought reimbursement for attorney fees incurred in connection with the appeal premised on §24–10–110(5). In denying this request, the court ruled that there is nothing in that provision suggesting that it was intended to apply to federal claims litigated in federal court, and, "in particular, to claims under 42 U.S.C. §1983." The court stated: "Indeed, Congress has addressed the matter of recovery of attorney fees in §1983 actions, and has enacted legislation which is inconsistent with the mandates of C.R.S. §24–10–110(5). *See* 42 U.S.C. §1988(b)." *Goodwin v. Debekker, supra*, 807 F.Supp. at 102.

We agree that allowing attorney fees under §24–10–110(5)(c) rather than under 42 U.S.C. §1988 would limit the remedy available under 42 U.S.C. §1983.

Consequently, the order awarding attorney fees pursuant to 24–10–110(5)(c) is vacated.

BRIGGS and TAUBMAN, JJ., concur.