Richard H. HAYNES, Plaintiff,

v.

CITY OF GUNNISON, Officer R. Laudick, Officer Martin King, John Doe, an unidentified officer, Defendants.

No. CIV.A. 00–K–1119.

United States District Court,
D. Colorado.

July 1, 2002.

Phil Harding, Jeffrey Darrell Pederson, Harding & Associates, P.C., Denver, CO, for Plaintiff.

Thomas S. Rice, Eric Michael Ziporin, Senter, Goldfarb & Rice, LLC, Josh Adam Marks, Hall & Evans, Denver, CO, for Defendants.

## ORDER ON MOTION FOR ATTORNEY FEES

KANE, Senior District Judge.

This matter is before me on Defendants King and Laudick's Motion for Attorney Fees, filed May 9, 2002. Having carefully considered the motion and responses, the record as relevant and all applicable legal authorities, and being fully advised in the premises, I rule as follows:

Defendants Martin King and Randy Laudick seek an award of attorney fees in their favor and against Plaintiff Richard H. Haynes and his attorney pursuant to C.R.S. § 24–10–110(5)(c). This statute provides:

> In any action against a public employee in which exemplary damages are sought based on allegations that an act or omission of a public employee was willful or wanton, if the plaintiff does not substantially prevail on his claim that such act or omission was willful and wanton, the court shall award attorney fees against the plaintiff or the plaintiff's attorney or both and in favor of the public employee.

In support of their claim, Defendants submitted the affidavit of Thomas S. Rice, one of its defense counsel, that identifies the attorneys who participated in the defense of this action and attaches time records for all work performed by these defense counsel. The total attorney fees for this work is $91,154.25. Defendants acknowledge, however, that these time records reflect work done for an additional Defendant, the City of Gunnison, which is not entitled to attorney fees under the statute, and also work performed on federal civil rights claims against the individual defendants. To account for these facts, Defendants King and Laudick propose the total attorney fees Rice reports be reduced by 1/3 to reflect that only two of the three Defendants for whom these services were performed are entitled to fees under the statute, and that the reduced amount then be reduced an additional 1/2 to reflect defense counsel's work in defending the federal claims against all Defendants. Pursuant to this proposed apportionment of the total defense costs, Defendants King and Laudick seek an award of attorney fees in the amount of $30,384.75.

Under Colorado law, the party requesting an award of attorney fees bears the burden of proving by a preponderance of the evidence its entitlement to such an award. *American Water Development, Inc. v. City of Alamosa,* 874 P.2d 352, 383 (1994). I find Defendants have not carried their burden in this case because their proposed allocation is arbitrary and does not accurately reflect attorney fees incurred in defense of claims subject to C.R.S. § 24–10–110(5)(c). *See Bergeson v. Midway Development Co. No. 3,* 817 P.2d 606, 607 (Colo.Ct.App.1991) (in action involving multiple claims, attorney fees must be apportioned to limit award to fees incurred in defense of claims for which fee award is available).

As Defendants acknowledge, the Colorado statute in question applies only to claims made under state law against public employees in which exemplary damages are sought based on allegations that the public employee acted willfully or wantonly. *See* C.R.S. § 24–10–110(5)(c); *Cherry Creek Aviation, Inc. v. City of Steamboat Springs,* 969 P.2d 812, 814 (Colo.Ct.App. 1998) (C.R.S. § 24–10–110(5)(c) not applicable to federal civil rights claims). Plaintiff asserted eight claims in his Complaint, at least two of which were state law claims against Defendants King and Laudick.[1]

---

1. Defendants contend Plaintiff asserted four state claims, consisting of separate battery claims against King and Laudick, a false imprisonment claim and claim for intentional

Although Plaintiff sought exemplary damages in this action from the start, nowhere in these state claims or in his original Complaint as a whole did he allege these Defendants acted willfully and wantonly. Plaintiff only added these allegations in his Amended Complaint, and only as to his battery claims against King and Laudick, in response to Defendants' complaint that Plaintiff could not state a claim for battery under Colorado law in the absence of such allegations. *See* Stipulated Scheduling and Discovery Order at 9 (Defendants refuse to stipulate to Plaintiff's statement of battery claims because of omission of wilful and wanton allegations); *compare* Complaint (filed June 1, 2000) *with* Amended Complaint (filed September 1, 2000). Thus, C.R.S. § 24–10–110(5)(c) only applies to these two battery claims, and even this is questionable given the circumstances under which the requisite "willful and wanton" allegations were added to them.

Further, it is undisputed that the Colorado statute only allows recovery of attorney fees incurred in defending a claim within the scope of the statute. Plaintiff alleges and has provided correspondence indicating that defense counsel from the start assumed all claims against Defendant Laudick were constitutional in nature and thus did not incur any fees defending Laudick on the state law battery claim. *See*

Pl.'s Resp., Exh. 1. Defendants did not dispute this account in their reply, and it is consistent with the omission of a battery claim against Laudick in the parties' stipulated pretrial order. *See* Pretrial Order at 3. Accordingly, Defendants are not entitled to an award of attorney fees under C.R.S. § 24–10–110(5)(c) for defense of the battery claim against Officer Laudick because they have failed to demonstrate they incurred attorney fees defending this claim.

A related, fundamental error in Defendants' fee request and proposed apportionment is its failure to acknowledge that this action was first and foremost and throughout its existence a § 1983 action brought by Plaintiff against individual Defendants King and Laudick and the City and County of Gunnison. It was filed in federal, not state court, and asserted multiple § 1983 claims based on multiple constitutional violations against these Defendants. The primary claims were against King for excessive use of force in violation of the Fourth Amendment and retaliation in violation of the First Amendment, with the § 1983 claims against the City and Laudick being contingent on Plaintiff prevailing on one or both of these claims.[2] Consistent with this reality, the proceedings in this action focused almost exclusively on issues and argument related to these federal claims, with the battery claim against King ad-

---

infliction of emotional distress. The supposed false imprisonment claim, however, can also be read as a federal constitutional claim, while the alleged emotional distress claim can be construed as a claim against the City of Gunnison for indemnification, which would not be subject to C.R.S. § 24–10–110(5)(c). *See* Complaint, Seventh and Eighth Claims for Relief. The uncertainty concerning the federal or state nature of these two claims is ultimately of no consequence because, as described above, these claims do not seek punitive damages based on allegations of willful and wanton conduct as required for a fee award under the statute and because Plaintiff

almost immediately abandoned any common law false imprisonment or emotional distress claims in this action. *See* Stipulated Scheduling and Discovery Order at 2–3 (filed Aug. 30, 2000) (omitting any such claims in Plaintiff's statement of claims); Stipulated Pretrial Order at 3 (submitted Sept. 9, 2001) (same).

**2.** The state battery claim against King was not technically dependant on the outcome of the § 1983 claims against him, but was dependant as a practical matter given that both claims arose out of the same facts and allegations of misconduct by King.

dressed, if at all, only on the margin. Examples of this federal claim focus include the disproportionate amount of time spent by the parties and this Court on issues such as King and Laudick's qualified immunity defense to the § 1983 claims against them, the definition of the City's alleged municipal liability under § 1983 and development of the jury instructions for the § 1983 claims.[3] The extensive motions in limine filed by the parties also focused on evidence relevant primarily to the federal claims. Thus, a pro rata apportionment formula such as that proposed by Defendants, which assumes defense counsel spent an equal amount of time defending each federal and state claim against each Defendant, does not accurately reflect the work performed by defense counsel on the sole state claim, the battery claim against King, for which a fee award may be available under the Colorado statute.

Defendants King and Laudick assert they are entitled to a substantial attorney fee award under C.R.S. § 24–10–110(5)(c), and that their proposed pro rata apportionment is reasonable, because the state law claims in this action completely overlap the federal claims, rendering work done on the federal claims equally applicable to the state law claims. Even assuming Defendants were correct that they are entitled to a fee award for their defense of the four state law claims they identify (an assumption I reject for the reasons stated above), I find that the complete overlap between the only relevant state law claim, the battery claim against Defendant King, and the § 1983 excessive force claim against him, provides additional support for my finding that the fee award requested by Defendants is not warranted under

the facts of this case. This conclusion is consistent with Colorado case law holding that attorney fees must be carefully reviewed and allocated to avoid awarding fees for work performed on overlapping claims that are not covered by a fee shifting statute or rule. *See American Water Development,* 874 P.2d at 382–84 (fee award under Colo. R. Civ. P. 41(a)(2)); *Newport Pacific Capital Co. v. Waste,* 878 P.2d 136, 140 (Colo.Ct.App.1994) (fee award under §§ 13–40–123, 38–12–209(3)); *see also Terry v. Sullivan,* —— P.3d ——, 2002 WL 1040255 (Colo.Ct.App. May 23, 2002) (affirming fee award under C.R.S. § 24–10–110(5)(c) because fees awarded "related solely" to covered state law claims); *Katz v. City of Aurora,* 2000 WL 33730331, at *3 (D.Colo. June 21, 2000) (same). It is also consistent with Colorado decisions holding that a defendant may not rely on C.R.S. § 24–10–110(5)(c) to recover fees incurred in defending a § 1983 action. *See State v. Golden's Concrete Co.,* 962 P.2d 919, 925–26 (1998) (42 U.S.C. § 1988, the federal fee award statute for § 1983 actions, preempts state fee-shifting statute); *Rose v. City and County of Denver,* 990 P.2d 1120, 1124 (Colo.Ct.App.1999) (42 U.S.C. § 1988 preempts fee award under C.R.S. 24–10–110(5)(c) for defense of § 1983 claims).

█ Federal law and policy also compels the conclusion that fees not be awarded under Colorado law for work performed defending the overlapping § 1983 claims. 42 U.S.C. § 1988 grants me discretion to award the prevailing party on a § 1983 claim its reasonable attorney fees. Although the statute does not distinguish between plaintiffs and defendants, the courts have interpreted § 1988 to hold prevailing defendants who seek a fee

---

**3.** In fact, the sole state law claim at issue, the battery claim against Defendant King, was scarcely mentioned in the three lengthy pre-

trial conferences in which the parties' proposed jury instructions were considered.

award to a higher standard than prevailing plaintiffs. *See, e.g., Cobb v. Saturn Land Co.,* 966 F.2d 1334, 1338 (10th Cir.1992) (prevailing defendant entitled to fees only if plaintiff's action was frivolous, unreasonable or without foundation); *Prochaska v. Marcoux,* 632 F.2d 848, 854 (10th Cir.1980) (prevailing plaintiff entitled to fee award absent special circumstances). The reasoning behind this result is that awarding fees to prevailing defendants who cannot meet this high standard would chill plaintiffs' pursuit of civil rights claims and thus thwart the strong public policy in favor of private enforcement of individual civil rights claims. *See, e.g., Prochaska,* 632 F.2d at 853–54 (citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 762, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) and *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). Allowing a public employee defendant[4] to recover attorney fees incurred in whole or in part to defend a federal civil rights claim, without also requiring him to meet § 1988's standard for a fee award, raises the same concerns. Accordingly, C.R.S. § 24–10–110(5)(c) must be strictly limited to fees incurred in defense of covered state claims only, and no award should be made under this statute for any work performed in defense of overlapping § 1983 claims absent a demonstration of entitlement to such fees under § 1988.

Although Defendants submitted voluminous time records in support of their fee request, they did not identify any particular entries that related to defense of the battery claim against King or submit any other evidence that provides a basis for distinguishing between fees incurred in relation to that claim and those incurred with respect to other claims not covered by the Colorado statute. In his response, Plaintiff reports he identified two time entries, totaling $365.50, relating specifically to defense of the battery claim.[5] While this de minimis amount was incurred in defense of a claim covered by C.R.S. § 24–10–110(5)(c), it is nonetheless not compensable here because this work, under the circumstances of this case, was infused with the federal policy interest in enforcement of the federal civil rights laws.[6]

Accordingly, for the reasons stated above, I find the fee award requested by Defendants in their Motion for Attorney Fees is not reasonable under the facts of this case and therefore find Defendants failed to carry their burden of establishing their entitlement to the requested fee award. Defendants' Motion is DENIED.

4. A further concern that I need not address here is whether the Colorado statute requires proof that the public employee, rather than his employer or some other entity, is personally liable for payment of defense costs if a fee award is not made.

5. The entries are 2.3 hours by "SAR" on April 5, 2002 ($264.50) and .8 hours by "EMZ" on April 19, 2002 ($92.00) in connection with preparation of jury instructions relating to the battery claim against King.

6. As a result of my decision that Defendants have not demonstrated their entitlement to the fees requested in their motion, I need not address Plaintiff's further objections to Defendants' fee request and proposed fee apportionment.