**George GOODWIN, Plaintiff,**

v.

**William A. DEBEKKER, Defendant.**

Civ. A. No. 88–C–179.

United States District Court,
D. Colorado.

Sept. 4, 1992.

See also, 716 F.Supp. 1363.

Lawrence J. Simons, Pueblo, Colo., for defendants, Charles Crockett and William Debekker.

Lee A. Medina, Pueblo, Colo., for defendant, William Debekker.

Carl B. Lucas, Canon City, Colo., for plaintiff, George Goodwin.

## MEMORANDUM OPINION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

PRINGLE, United States Magistrate Judge.

This matter is before the court on Plaintiff's Motion to Reconsider Minute Order filed on July 20, 1992. The Minute Order in question directed Plaintiff to pay attorney fees and costs to Defendant Crockett in accordance with C.R.S. § 24–10–110(5). For the reasons discussed below, the Motion to Reconsider is GRANTED and the order awarding attorney fees is VACATED.[1]

### I.

Plaintiff was a deputy sheriff in Freemont County, Colorado. He brought this action against Sheriff William A. DeBekker and Undersheriff Charles Crockett, contending that they had terminated his employment because he had exercised his First Amendment rights. A claim under 42 U.S.C. § 1983 and various state law claims were asserted. A trial resulted in a jury verdict for the Plaintiff and against both Defendants. Defendant Crockett appealed, arguing that, pursuant to Colorado law, he had no authority to terminate the Plaintiff.

---

1. Plaintiff has not objected to the award of costs in the amount of $150.00.

The Court of Appeals agreed and reversed the judgment as to Crockett.

On May 27, 1992, United States District Judge Jim R. Carrigan referred this case to me for resolution of all post-judgment disputes. Thereafter, on July 2, 1992, Defendant Crockett filed a Motion for Determination for Bill of Costs. As part of that Motion, Crockett asserted that he was entitled to a reimbursement for attorney fees incurred in connection with the appeal. The claim for attorney fees was premised on a provision of the Colorado Governmental Immunity Act which requires an award of attorney fees to a public employee where (a) exemplary damages are sought against the public employee for willful and wanton conduct; and (b) the plaintiff does not substantially prevail on his or her claim that the employee's conduct was willful and wanton. C.R.S. § 24–10–110(5).

Plaintiff responded by asserting that the Governmental Immunity Act, including the attorney fee provision in C.R.S. § 24–10–110(5), only applies to actions which are or could have been brought in tort. Plaintiff contended that the instant action does not sound in tort. In addition, Plaintiff argued that he prevailed on the issue of willful and wanton conduct, even though the Court of Appeals reversed the judgment in his favor.

On July 13, 1992, the Court entered an order adopting Defendant's position and granting his Motion. Plaintiff's Motion for Reconsideration, containing essentially the same arguments as those found in the Plaintiff's initial Response to the Motion for Determination for Bill of Costs, was filed on July 20, 1992. An oral argument was held on August 25, 1992.

## II.

The arguments raised by Plaintiff are without merit. Although there appears to be no law in the Tenth Circuit directly on point, many courts have held that claims for violation of federal civil rights sound in tort. *E.g., Ramirez de Arellano v. Alva-*rez *de Choudens*, 575 F.2d 315 (1st Cir. 1978); *Berghoff v. R.J. Frisby Manufacturing Co.*, 720 F.Supp. 649 (N.D.Ill.1989); *Kelly v. City of Philadelphia*, 552 F.Supp. 574 (E.D.Pa.1982). Likewise, based on the decision of the Court of Appeals for the Tenth Circuit in this case, the Court is satisfied that Plaintiff did not substantially prevail against Crockett on the claim of willful and wanton conduct. Nevertheless, for reasons separate and apart from those raised by Plaintiff, the Court concludes that Defendant is not entitled to an award of attorney fees pursuant to C.R.S. § 24–10–110(5).

C.R.S. § 24–10–110(5) is included within the Colorado Governmental Immunity Act. It provides in relevant part:

In any action against a public employee in which exemplary damages are sought based on allegations that an act or omission of a public employee was willful and wanton, if the plaintiff does not substantially prevail in his claim that such act or omission was willful and wanton, the court shall award attorney's fees against the plaintiff and in favor of the public employee unless the court determines it is unjust.

There is nothing in the above quoted language suggesting that it was intended to apply to federal claims litigated in federal court, and, in particular, to claims under 42 U.S.C. § 1983.[2] Indeed, Congress has addressed the matter of recovery of attorney fees in § 1983 actions, and has enacted legislation which is inconsistent with the mandates of C.R.S. § 24–10–110(5). *See* 42 U.S.C. § 1988(b).

Defendant Crockett's position that C.R.S. § 24–10–110(5) has application to this case is founded upon another provision of the Colorado Governmental Immunity Act, C.R.S. § 24–10–119, which states that:

"[t]he provisions of [Article 10] shall apply to any action against a public entity or a public employee in any court of this state having jurisdiction over any claim brought pursuant to any federal law, if

---

2. The attorney fees requested by the Defendant relate to the appellate proceedings, which involved only the § 1983 claim. Thus, none of the attorney fees at issue here were the result of work done in connection with the state claims asserted by the Plaintiff.

such action lies in tort or could lie in tort regardless of whether that may be the type of action or form of relief chosen by the claimant."

Crockett contends that (a) C.R.S. § 24–10–110(5) is part of Article 10; (b) this action was brought against a public employee; (c) the United States District Court is a "court of this state"; and (d) the claim here in question is one arising under federal law.

The threshold question is whether the United States District Court is in fact a "court of this state," within the meaning of C.R.S. § 24–10–119. Recently, the United States Court of Appeals for the Tenth Circuit addressed this issue in the context of C.R.S. § 24–10–119 and concluded that the reference to "courts of this state" was not intended to include federal courts hearing federal claims. *Greiss v. Colorado,* 841 F.2d 1042, 1044 (10th Cir.1988). Commentators on Colorado law likewise have pointed out that "the language of the Act [Colorado Governmental Immunity Act] does not extend to federal claims brought in federal court...." 7 Miller, *Colorado Personal Injury Practice* § 17.10 at 252. *See also* 1A Krendl, *Colorado Methods of Practice* § 1222 (3d Rev.1989).[3]

Since the statutory provision upon which Defendant relies in support of his request for attorney fees does not apply in this case, the Plaintiff's Motion to Reconsider should be GRANTED. The portion of the Court's Order of July 13, 1992 relating to attorney fees is VACATED. Defendant Crockett's Motion for Determination for Bill of Costs is DENIED insofar as it requests an award of attorney fees pursuant to C.R.S. § 24–10–110(5).

---

**3.** Application of the attorney fee provisions of C.R.S. § 24–10–110(5) in a § 1983 action may raise serious constitutional problems. However, since the issue presented here can be resolved on non-constitutional grounds, there is no need to reach the constitutional questions. *See Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J. concurring).