**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMAL BARZANJI,

      Plaintiff-Appellant,

v.

SEALY MATTRESS
MANUFACTURING COMPANY;
STEVE HILL; CHARLY; MARIO
PIRIA,

      Defendants-Appellees.

No.  00-1205
(D.C. No. 00-M-75)
(D. Colo.)

---

**ORDER AND JUDGMENT**   *

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Jamal Baranji appeals the district court's summary judgment dismissing his discrimination complaint on the ground that he failed to file an administrative charge within three hundred days of the alleged acts of discrimination. We affirm.

Plaintiff was employed by the Sealy Mattress Company from September 25, 1997, until June 10, 1998. During this time he suffered a back injury for which he was treated conservatively and was advised to restrict his lifting and hours. Sealy contested plaintiff's workers' compensation and disability claims on the ground that the injury was not work related. On June 10, 1998, Sealy informed plaintiff that it did not have any work available to fit his medical restrictions, and that he should notify them when he was released for unrestricted work. Plaintiff has not worked for Sealy since then. On February 12, 1999, plaintiff and Sealy entered into an agreement settling his workers' compensation claim.

On May 5, 1999, plaintiff filled out an "intake questionnaire" with the Equal Employment Opportunity Commission (EEOC), in which he claimed the following acts constituted discrimination based on his national origin and disability: being given less hours and a lower wage than other assemblers; reassignment to a janitorial position in October 1997 because of his difficulty with English; failing to accommodate his medical condition; contesting his applications for workers' compensation and disability benefits; and terminating

him on June 10, 1998. Across the top of the questionnaire, in bold lettering, the form stated: "COMPLETING THIS QUESTIONNAIRE DOES NOT CONSTITUTE THE FILING OF A CHARGE." R. I., doc. 19, Questionnaire attached to Notice of Appeal.

On September 9, 1999, plaintiff filed a formal charge with the EEOC, in which he alleged discrimination based on the following: despite his additional bulging disks, the February 1999 workers' compensation settlement stated that he could not reopen his claim; he was informed on June 10, 1998 that he could no longer perform his job due to his medical restrictions; between September 9, 1997 and June 10, 1998, he was told he did not speak English well; during the same time frame, he was paid less than employees who were hired later and his coworkers made fun of him; and he was not placed on light duty after his doctor released him on May 19, 1998. Id., doc. 16, ex. A. On October 6, 1999, the EEOC dismissed the charge as untimely because it was not filed withing three hundred days of the alleged discrimination. Id., ex. B.

On January 6, 2000, plaintiff filed a discrimination action in the district court, alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e through § 2000e-17, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 through § 12221. His complaint, as amended on February 11, 2000, alleged the following discriminatory acts: giving other

assemblers more hours and paying them more; assigning him to a janitorial position; playing a joke on him with a paper stuck to his back; contesting his workers' compensation and short term disability claims; failing to accommodate his work restrictions; discharging him as of June 10, 1998 based on his disability; and ignoring an August 1998 report that he could perform light duty. Id., doc. 5. The district court dismissed the complaint based on plaintiff's failure to file his administrative charge within three hundred days of the alleged discrimination.

On appeal, plaintiff argues that the district court erred because (1) the May 5, 1999 intake questionnaire was within three hundred days of the discrimination; and (2) the discrimination continued until the settlement of his workers' compensation claim on February 12, 1999. We review de novo the district court's decision granting summary judgment and apply the same legal standards as the district court. Robbins v. Jefferson County Sch. Dist. R-1, 186 F.3d 1253, 1258 (10th Cir. 1999). Summary judgment is appropriate when a record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the factual record and inferences therefrom in the light most favorable to the nonmoving party. Robbins, 186 F.3d at 1258.

Both Title VII and the ADA limit the time within which a plaintiff must file an administrative charge of discrimination with the EEOC. See 42 U.S.C.

§ 2000e-5(e)(1) (permitting claimants to seek relief for adverse actions occurring no more than three hundred days before the filing of an EEOC complaint so long as the plaintiff filed a state agency complaint as well); Id., § 12117(a) (incorporating by reference Title VII procedures into ADA actions). A plaintiff may not bring a lawsuit based upon claims that were not part of a timely-filed EEOC charge.

In this case, plaintiff filed charges with both the EEOC and the Colorado Civil Rights Division on September 9, 1999. The discriminatory acts alleged in this charge, with one exception, occurred before June 10, 1998, and thus fell well beyond the three hundred-day limit. As for plaintiff's allegation that Sealy discriminated against him on February 12, 1999, by seeking a clause in the workers' compensation settlement agreement precluding the reopening of his claim, this is not the type of "adverse employment action" necessary to support a discrimination claim. See Sanchez v. Denver Pub. Schs., 164 F.3d 527, 531 (10th Cir. 1998). In any event, plaintiff has not alleged this particular act in his discrimination complaint. See Amended Complaint, R. I, doc. 5.

Plaintiff argues that his EEOC intake questionnaire, filed May 5, 1999, can suffice as a discrimination charge. Courts are split on whether such an informal questionnaire can be deemed a timely filing when it is later verified by a formal charge. Compare Shempert v. Harwick Chem. Corp., 151 F.3d 793, 796-98 (8th

Cir. 1998) (rejecting claim that a verified charge filed after the deadline related back to convert an intake questionnaire into a timely charge), and Park v. Howard Univ., 71 F.3d 904, 908-09 (D.C. Cir. 1995) (holding pre-complaint intake questionnaire could not be deemed a valid charge), with Philbin v. General Elec. Capital Auto Lease, Inc., 929 F.2d 321, 322 (7th Cir. 1991) (holding subsequently verified charge related back to date intake questionnaire was filed to satisfy statute), and Casavantes v. California State Univ., Sacramento, 732 F.2d 1441, 1442-43 (9th Cir. 1984) (same). We need not decide this issue, however, because the May 5, 1999 questionnaire was also filed more than three hundred days after plaintiff's June 10, 1998 separation from work and was therefore untimely.

Finally, plaintiff argues that his charge was timely because the discrimination continued until his workers' compensation case was settled on February 12, 1999. This was not the first date, though, that plaintiff learned that Sealy would contest his workers' compensation claim and would not provide him with light employment. The Supreme Court has held that the trigger of the limitations period in which to file an EEOC charge is the date an employee first learns of the alleged discrimination, even if the effects of the discrimination become more painful at a later date. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980); see Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994) (holding discrimination claim accrues on the date an employee is notified of

adverse employment decision).  Here, plaintiff is simply alleging that acts occurring outside the filing period had a continuing effect within the time allowed for suit.  This is insufficient to demonstrate a timely claim under the "continuing violation theory."   Martin v. Nannie & the Newborns, Inc.   , 3 F.3d 1410, 1415 (10th Cir. 1993).  As plaintiff learned of the underlying acts more than three hundred days before filing either his intake questionnaire or his formal charge, the district court correctly dismissed his discrimination complaint for failure to exhaust his remedies by filing a timely administrative charge with the EEOC.

Plaintiff's motion to supplement the record with documents that were not presented to the district court is DENIED, and the judgment of the United States District Court for the District of Colorado is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge