**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MICHAEL R. CUENCA,

　　　　Plaintiff-Appellant,

v.

UNIVERSITY OF KANSAS;
MYRON A. KAUTSCH and
JAMES K. GENTRY, as individuals,

　　　　Defendants-Appellees.

No. 03-3145
(D.C. No. 98-CV-4180-SAC)
(D. Kan.)

---

ORDER AND JUDGMENT *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

Even though the appellant appears pro se, this case presents a

representative example of a problem increasingly encountered by the federal

courts: the submission of voluminous and poorly organized materials in

---

\* 　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination
of this appeal. 　See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

connection with summary judgment matters. Michael R. Cuenca brought this action pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17, alleging that the defendants had discriminated against him on the basis of race, violated his constitutional rights, and illegally retaliated against him when he complained. In response to the defendants' motion for summary judgment, Cuenca submitted a ninety-page autobiographical affidavit, containing 248 paragraphs, replete with conclusory statements, statements of opinion, and matters patently beyond his personal knowledge. He supported this affidavit with nearly 1000 pages of supplementary materials, much of it of dubious admissibility and relevance. The district court winnowed Cuenca's claims and materials, and entered a twenty-five page, published decision granting summary judgment for the defendants. [1] Cuenca v. Univ. of Kan., 265 F. Supp. 2d 1191 (D. Kan. 2003).

Cuenca's opening brief in this court does not help to narrow or refine the issues. It contains an introductory factual statement that presents a lengthy account of his employment with the University of Kansas and the University of Kansas's alleged discriminatory policies. He does not tie this amalgamation of background information and potentially relevant complaint to the later legal

---

[1] Throughout its summary judgment order, the district court refers to the "defendant"; however, all defendants moved for summary judgment and it is apparent that the district court granted summary judgment for all of them.

argument sections of the brief, however, some of which are devoid, or nearly devoid, of particularized factual or evidentiary references. In effect, Cuenca has presented a mass of miscellaneous material and left it to this court to collect, organize, and articulate the cumulative legal significance of pertinent items therein with respect to each of his various claims.

The argument section of Cuenca's brief gives only the most cursory focus to most of the incidents and facts presented to the district court. He relies, for example, on "the 'voluminous' record of disciplinary actions, poor performance reviews, lower salary increases, exclusion, hyperscrutiny, misrepresentation of facts, violations of procedures and denials of due process" he claims can be found in the record. Aplt. Opening Br. at 17. He refers vaguely to "myriad, changing reasons, reasons unworthy of belief, deliberate misconduct, and several instances of lying under oath or in written documents, which provide ample, sufficient evidence of pretext and mendacity," citing only one specific example of the same. Id. at 18–19. He asserts that the district court failed to draw all necessary inferences in the light most favorable to him. He fails, however, to describe what specific inferences, based on specific evidence, that it should have drawn in his favor. Id. at 21–22. Notwithstanding the limited number of specific, fact-based arguments he presents, Cuenca apparently wishes us either to perform his task of applying the law to the facts, or–worse yet–to comb the entire record and to refine

his arguments concerning the incidents he described in his voluminous submissions to the district court. This we will not do.

We will not become advocates for Cuenca, combing the record to make his case for him. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998); see also Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1546 (10th Cir. 1995). Appellate arguments must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A).

We uphold the district court's treatment of Cuenca's affidavit and supporting materials. On appeal, we limit our review to the issues raised and properly supported.

I

The district court's order recites the facts in detail, and we do not repeat them here. The Journalism School at the University of Kansas hired Cuenca in 1994 as a tenure-track Assistant Professor of Visual Communications. Cuenca's birth certificate specifies his father's race as Filipino, and Cuenca identifies himself as Hispanic based on his Mexican ancestry. Cuenca asserts that the University of Kansas and the other named defendants discriminated against him on the basis of race and retaliated against him in various ways from the time he was hired until he was denied tenure and his appointment ended in 2001.

## II

## A

Before turning to the merits of the summary judgment determination, we begin by analyzing Cuenca's procedural issues. He contends that the district court erred: (1) by granting defendants' motion to substitute a revised summary judgment memorandum and without permitting him to respond to the memorandum; and (2) by striking portions of his summary judgment affidavit without specifying which portions it struck.

## 1

The defendants moved to substitute a corrected memorandum of law in support of their motion for summary judgment, because their original motion exceeded the district court's page limitation and contained a factual error. Contrary to Cuenca's argument, this was not a "completely new motion for summary dismissal." Aplt. Opening Br. at 11. The changes were minor and, except for the correction of the fact error, were not substantive. Cuenca fails to show that he was prejudiced in any way by the substitution. The district court did not abuse its discretion by permitting substitution.

## 2

The defendants moved to strike Cuenca's affidavit. The district court did not disregard Cuenca's affidavit in toto as insufficient under Fed. R. Civ. P.

56(e), as defendants requested.  Instead, it stated it would simply disregard any inadmissible portions of the affidavit.      Cuenca , 265 F. Supp. 2d at 1200.

Cuenca contends that the district court's approach has deprived him of an opportunity to obtain review of its specific evidentiary determinations.  We review the district court's decision on evidentiary issues pertaining to summary judgment for an abuse of discretion and we have previously approved the district court practice of ignoring inadmissible portions of an affidavit, as an alternative to disregarding the entire affidavit.      Jones v. Barnhart  , 349 F.3d 1260, 1270 (10th Cir. 2003).  Cuenca's complaint about the lack of evidentiary rulings is significant only to the extent that the improper exclusion of evidence resulted in a substantive error in the summary judgment determination.      [2]  In examining the record for substantive error, however, we consider only the specific challenges that Cuenca raises and properly supports in his briefs on appeal.  As to those errors, we conclude that even if the district court had considered all (and excluded none) of the evidentiary material in Cuenca's affidavit, summary judgment would still be appropriate.

---

[2]      Our review of Cuenca's affidavit convinces us that some of the materials should have been excluded as a matter of law, because they are conclusory, represent opinion rather than fact, or show on their face that they were not made from personal knowledge.    See BancOklahoma Mortgage Corp. v. Capital Title Co., 194 F.3d 1089, 1101 (10th Cir. 1999);    Rice v. United States   , 166 F.3d 1088, 1092 (10th Cir. 1999); Fed. R. Civ. P. 56(e).

**B**

We next review the merits of the district court's summary judgment determination.

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. We review a grant of summary judgment *de novo*, applying the same standard as the district court. We examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion. However, where the non moving party will bear the burden of proof at trial on a dispositive issue, that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

Neal v. Roche, 349 F.3d 1246, 1249 (10th Cir. 2003) (quotation omitted).

On appeal, Cuenca argues that the district court: (1) failed to apply properly the mixed-motive analysis contained in Section 107 of the 1991 Civil Rights Act, 42 U.S.C. §§ 2000e-2(m) and 2000e-5(g)(2)(B); (2) disregarded his direct evidence of discrimination and retaliation; (3) failed to draw all necessary inferences in the light most favorable to him; and (4) improperly disregarded his statistical evidence.

**1**

We consider Cuenca's first two summary judgment issues together.  Cuenca argued to the district court that his case should be governed by the mixed-motive analysis set forth in § 107 of the 1991 Civil Rights.  The district court did not directly address this argument.  It may have rejected Cuenca's mixed-motive analysis, however, based on its conclusion that he had presented no direct evidence of discrimination and retaliation.  <u>Cuenca</u>, 265 F. Supp. 2d at 1205.  At the time of the district court's decision, cases in this circuit held that a plaintiff seeking to employ a mixed-motive analysis was required to show direct evidence of discrimination.  <u>See, e.g.</u>, <u>Shorter v. ICG Holdings, Inc.</u>, 188 F.3d 1204, 1208 n.4 (10th Cir. 1999).

After the district court reached its decision in this case, however, the Supreme Court determined that a plaintiff may prove the mixed-motive analysis under § 107 of the 1991 Act by circumstantial evidence as well as direct evidence.  <u>Desert Palace, Inc. v. Costa</u>, 539 U.S. 90, 98–102 (2003).  Cuenca now argues both that he has provided direct evidence of discrimination and that, in any event, the circumstantial evidence he offered meets the standards of § 107.

Cuenca did not provide direct evidence of discrimination or retaliation that would permit his claims to go to a jury on a mixed-motive theory.  Direct evidence requires "proof of an existing policy which itself constitutes

discrimination," Tomsic v. State Farm Mut. Auto. Ins. Co. , 85 F.3d 1472, 1477 (10th Cir. 1996) (quotation omitted), or "oral or written statements on the part of a defendant showing a discriminatory motivation," Kendrick v. Penske Transp. Servs., Inc. , 220 F.3d 1220, 1225 (10th Cir. 2000). Statements which on their face merely state a personal opinion are not direct evidence. Tomsic , 85 F.3d at 1477. The district court correctly found that Cuenca failed to point to any direct evidence of discrimination. We specifically analyze each of the statements on which Cuenca relies for his direct evidence argument in the following paragraphs of this order and judgment, concluding that they also do not provide circumstantial evidence of discrimination.

The specific incidents Cuenca details in his brief also do not provide circumstantial evidence demonstrating that unlawful discriminatory animus motivated the University of Kansas's adverse employment decisions. See Mereish v. Walker , 359 F.3d 330, 339 (4th Cir. 2004) (interpreting summary judgment burden under Civil Rights Act of 1991 in light of Desert Palace ). Cuenca relies primarily on the statements of Frank Hoy, an outside tenure reviewer chosen by Cuenca who criticized Cuenca for "bring[ing] up a minority issue" in his statement of teaching philosophy, and warned that "the information contained in Cuenca's own voluntary statements can be taken as a forewarning of future attitude, perhaps even problems" if Cuenca were granted tenure. Cuenca , 265 F.

Supp. 2d. at 1212 (record citations omitted). The district court found that Cuenca had failed to provide any evidence that the University of Kansas adopted or relied on these statements in reaching the decision to deny him tenure.

In general, statements by a non-decisionmaker, such as Hoy, cannot be used to establish that a decision was tainted by discriminatory animus. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998) (age discrimination case). An exception arises when the record contains evidence from which a reasonable inference may be drawn that a decisionmaker adopted or relied upon the allegedly discriminatory statement in reaching its decision. See, e.g., Betkerur v. Aultman Hosp. Ass'n, 78 F.3d 1079, 1097 (6th Cir. 1996). Relying on this exception, Cuenca argues that the University of Kansas's failure to disavow Hoy's statements should result in an inference that its decisionmakers took Hoy's comments into account when making their decision. The inferential burden runs the other way, however; Cuenca had the burden to link the outside reviewer's statements to the decision to deny tenure. See id. Because he failed to create a genuine issue of material fact on this point summary judgment was proper.[3]

---

[3] Cuenca's reliance on language in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), is unavailing. In that case, the evidence showed that the decisionmaker for a partnership "solicited evaluations from all the firm's partners" and "generally relied very heavily on such evaluations in making its

(continued...)

Cuenca also relies on a comment by Ted Fredrickson, a fellow faculty-member, who he alleges "once warned me that playing the race card in this workplace would cost me." (V R. ex. 22, at 1.) This isolated observation, unrelated to any employment action, is neither direct nor circumstantial evidence of discrimination or retaliation. Nor does Fredrickson's statement to a student newspaper defending the current and former dean against Cuenca's allegations of racism and dismissing Cuenca's assertion of discriminatory motivation as "an unvarnished falsehood and an unwarranted attack" that would have an adverse impact on the Journalism School, demonstrate discriminatory or retaliatory animus by defendants. (VI R. ex. 122.)

Cuenca also challenges a statement by defendant former Journalism School Dean Kautsch in a 1995 letter to his superiors, stating that he was attempting to terminate Cuenca because Cuenca was "making demands and stating expectations." (VI R. ex. 159; see Aplt. Opening Br. at 16.) Cuenca argues that non-minority personnel also made demands and stated expectations at times,

---

[3](...continued)
decision." Id. at 256. Given these facts, the defendant's Policy Board's failure to disclaim reliance on stereotyped comments made by some of the partners raised an inference that the decision to place the plaintiff's candidacy on hold was the product of discrimination. Id. Here, however, Hoy was not affiliated with the University of Kansas and Cuenca failed to show that the University of Kansas's decisionmakers relied on the statements about race in Hoy's evaluation in reaching their decision.

-11-

without being subject to termination. Kautsch's actual statement, however, was that Cuenca was "making demands and stating expectations that can not be met because they exceed the School's budgetary capacity and are inconsistent with the duties he was hired to perform." (VI R. ex. 159.) Cuenca fails to show that Kautsch's analysis of Cuenca's demands was unworthy of belief or a pretext for discrimination. Moreover, as the district court noted, Cuenca failed to present evidence to show that the University of Kansas terminated his employment as the result of the demands and expectations complained of in Kautsch's letter.

Cuenca further charges that the University of Kansas's Equal Employment Opportunity (EEO) coordinator improperly suspended investigation of Cuenca's internal discrimination complaint after the University of Kansas's counsel blamed Cuenca for a failed mediation. The coordinator testified that Cuenca was responsible for ending the mediation process, and that he did so because the process could not give him the immediate tenure he sought. Noting the coordinator's further testimony that he learned that Cuenca was seeking immediate tenure from the University of Kansas's attorney, Cuenca argues that the attorney's statement, coupled with the decision to terminate mediation, is evidence of discrimination or retaliation. He points us to no evidence in the record, however, that he did not in fact seek tenure through the mediation. Moreover, he fails to establish that the statements by the University of Kansas's

counsel, or the decision to terminate internal mediation in favor of the outside EEOC process constituted an "adverse employment action" that had an effect on his employment status. <u>Sanchez v. Denver Pub. Sch.</u>, 164 F.3d 527, 533 (10th Cir. 1998).

Finally, Cuenca contends there is evidence of retaliation in a brief defendants filed in this case. He argues that in Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment the defendants presented a justification for actions taken against him based on his opposition to discrimination in the workplace. Defendants argued in that pleading that "[a]t worst, Plaintiff has shown Kautsch and Gentry as supervisors who were often frustrated by Plaintiff's lack of collegiality, unprofessional behavior, and unwarranted personal attacks on students, colleagues, the Journalism School, the University of Kansas or others. The evidence also showed that Plaintiff often wrote inflammatory correspondence to others." (I R. doc. 205 at 16–17.)

Cuenca argues that this statement shows that defendants not only developed illegal animus against him, but believed that their illegal animus was justified. In our view, however, this statement says nothing of the kind, nor can illegal motives be imputed to defendants based on this statement. The record reveals that Cuenca's letters and e-mails to his supervisors contained a large amount of vituperation, impertinence, and criticism of both the University of Kansas

administration and colleagues. [4] The discrimination statutes do not confer a license to present grievances in an arrogant and uncivil manner. See Robbins v. Jefferson County Sch. Dist. R-1, 186 F.3d 1253, 1259–60 (10th Cir. 1999), abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). Cuenca fails to show that the defendants' stated aversion for the inappropriate tone and presentation of his grievances was a pretext for an intent to retaliate based on his protected activities.

**2**

Cuenca claims that the district court drew no reasonable inferences in his favor, as required by the summary judgment standard. He provides only one example, however, of an inference that should have been drawn but was not. He claims the district court "dismissed defendant Gentry's withholding of materials from external reviewers as some sort of harmless error, ignoring Gentry's subsequent lies, his perjury, and his deliberate, willful misconduct . . . ." Aplt. Opening Br. at 22.

Our review of the record convinces us that the district court did not simply "dismiss" the issue of the book chapters omitted from tenure materials "as some

---

[4] Cuenca contends that other, non-minority faculty clashed with Kautsch but were not subjected to the threat of non-renewal of their appointment. He fails to show, however, that these faculty used the kind of language or tone with Kautsch that Cuenca did.

sort of harmless error."   Id.  Rather, the district court gave several reasons why Cuenca could not use this incident as evidence of either discrimination or retaliation.  First, when the omission was brought to Gentry's attention, he "sent the book chapters, one of which had just been published, to the external reviewers, with a follow-up letter."   Cuenca , 265 F. Supp. 2d at 1213.  Second, Gentry asked all of the reviewers for a letter indicating that the book chapters would not have affected their evaluation, and all replied negatively.   Id.  Third, Cuenca failed to show that Gentry's failure to submit the book chapters was intentional, was related to Cuenca's race or protected conduct, or had any effect on the reviewers' assessment of him (and, hence, on the ultimate decisionmakers concerning tenure).   Id.  We agree with the district court's reasoning on these points; Cuenca fails to provide evidence that Gentry's explanation that the error was unintentional was unworthy of belief.

Cuenca also contends, however, that Gentry lied under oath when asked if he had sent all the materials to the outside reviewers.  Cuenca provides no citations to the record for this claim.  We presume he is referring to Page 151 of Gentry's deposition in which he was asked:

Q.  Did you send his books–

A.  Yes.

Q.  –to each evaluator?

-15-

A. Yes.

Q. So there were two [books], right?

A. (Nods head up and down).

(V R. doc. 186, ex. 87, at 13.)

Gentry's deposition was taken on February 7, 2000, long after he had supplied the outside reviewers with copies of chapters from two of Cuenca's books in response to the notice to him that they had been omitted from the initial submission. Since the questions make no reference to time frame, Cuenca fails to show that Gentry's reference to "books" sent to reviewers did not refer to this later submission. In any event, the challenged statement fails to create a genuine issue of material fact concerning whether the reasons given in the ultimate decision to deny tenure were pretextual.

In his reply brief, Cuenca further argues that Gentry lied when he stated that Cuenca had not fulfilled the Journalism School's requirements for tenure and had not achieved national or regional distinction. This, however, was also the conclusion of a number of the outside reviewers. Cuenca's disagreement with Gentry's assessment of his qualifications does not create a genuine issue of material fact that would preclude summary judgment. This court does not "act as a 'super personnel department' that second guesses employers' business

-16-

judgments." Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1333 (10th Cir. 1999).

Cuenca claims that Gentry admitted at his deposition that he had lied about Cuenca's qualifications for tenure. He asserts that at the deposition, Gentry changed course from his previous statements that Cuenca had no work that had achieved distinction through review by his peers. Our reading of the deposition transcript does not support this interpretation. At the deposition, Gentry was asked about Cuenca's Lowell Thomas Travel Journalism Award. Gentry classified the award as "a very minor, modest award" that was "a good start" but not an award of national significance. (V R. ex. 102, at 3 (depo. at 171–72).) Contrary to Cuenca's claim in his affidavit, Gentry did not admit at his deposition that the Lowell Thomas Travel Journalism award was a peer-reviewed award; instead, he only said "it could be peer reviewed in a sense." ( V R. doc. 186, ex. 102, at 4 (depo. at 175).)

Cuenca also claims that Gentry lied in denying that he had peer-reviewed work because Cuenca had earned a peer-reviewed award from the Association for Education in Journalism and Mass Communication (AEJMC). The AEJMC award, however, was only an "honorable mention." (V R. doc. 186, ex. 102, at 4 (depo. at 176).) Whether or not Cuenca believed, as Gentry put it, that his two awards "demonstrate . . . work [that] has been judged by peers as being

-17-

significant, demonstrating rigor, or demonstrating originality," V R. doc. 186, ex. 70, at 2, Gentry did not. The fact that Cuenca can point to some works that he believes met the University of Kansas's criteria does not show that Gentry lied or that his recommendation concerning Cuenca's tenure was pretextual.

**3**

Cuenca contends that the district court disregarded his "direct evidence of previous illegal acts, statistical direct evidence of pattern and practice discrimination, and direct evidence of past violations of federal civil rights law." Aplt. Opening Br. at 24. The district court rejected the statistical evidence as failing to provide any effective data concerning the tenure issues presented in his case. Cuenca, 265 F. Supp. 2d at 1205–06. It further rejected evidence of the University of Kansas's non-compliance with the Office of Federal Contract Compliance Programs, because the evidence failed to demonstrate substantive violations indicating discrimination. Id. at 1206.

Cuenca faults the University of Kansas for not providing accurate and complete data through the discovery process. He contends "defendants refused to produce accurate and complete applicant flow data and the District Court affirmed the magistrate judge's determination that defendants would not be compelled to produce it." Aplt. Opening Br. at 25. Cuenca fails to make any substantive argument to show how the district court abused its discretion in denying his

-18-

motion to compel. This being the case, we cannot review his claim that he should have been granted additional discovery. Instead, we will examine the data that he actually presented to the district court. Having examined this data, we agree with the district court that Cuenca has failed to present relevant statistical data or other direct evidence sufficient to carry his summary judgment burden.

C

Finally, Cuenca argues that the district court judge, who he claims is a University of Kansas graduate, should have recused himself from hearing this case. He fails to cite us to any motion to recuse, however, or to any facts in the record that would confirm the judge's alumni status or his reasons for failing to recuse himself. Given this failure of proof, we are left with nothing to review pertaining to Cuenca's recusal arguments under 28 U.S.C. § 455(a), and therefore decline to order recusal.

We **AFFIRM** the order of the district court granting summary judgment for the defendants and denying Cuenca's motion for summary judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge